**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000480**
**07-APR-2017**
**09:02 AM**

NO. CAAP-15-0000480

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
NICHOLAS A. PARTIN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTA-15-00283)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Reifurth, JJ.)

Defendant-Appellant Nicholas A. Partin appeals from the Judgment and Notice of Entry of Judgment, filed on May 27, 2015 in the District Court of the Third Circuit ("District Court").[1] Partin was convicted in a bench trial of Count 1, Operating a Vehicle Under the Influence of an Intoxicant ("OVUII") in violation of Hawaii Revised Statutes ("HRS") section 291E-61(a)(1) (Supp. 2014); Count 2, Refusal to Submit to Breath, Blood, or Urine Test in violation of HRS section 291E-15 (Supp. 2014); and Count 3, driving without a license in violation of HRS section 286-102(b) (Supp. 2014).[2]

On appeal, Partin contends that the District Court erred (1) in admitting the results of a Horizontal Gaze Nystagmus ("HGN") test because (a) Plaintiff-Appellee State of Hawaiʻi failed to lay an adequate foundation for its admission into evidence, (b) there was insufficient foundation that Hawaiʻi

---

[1] The Honorable Margaret K. Masunaga presided.

[2] In this appeal, Partin only challenges his conviction on Count 1.

Police Officer Sheldon Nakamoto was qualified to conduct and evaluate the HGN test, and (c) there was insufficient evidence to show that the HGN test was properly conducted; and (2) by admitting the HGN test result as substantive evidence of impairment. Partin also contends that the erroneous admission of the HGN test result was not harmless beyond a reasonable doubt because the other evidence that he was operating his vehicle while impaired was not overwhelming.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Partin's points of error as follows and vacate his OVUII conviction.

(1) Partin contends that the District Court erred in admitting Officer Nakamoto's testimony regarding Partin's performance on the HGN test because the State failed to lay a sufficient foundation for such testimony. "Before HGN test results can be admitted into evidence in a particular case . . . it must be shown that (1) the officer administering the test was duly qualified to conduct the test and grade the test results, and (2) the test was performed properly in the instant case." *State v. Ito*, 90 Hawai'i 225, 244, 978 P.2d 191, 210 (App. 1999) (citations omitted). In *Ito*, we noted that "we have no way of knowing the extent and nature of [the officer's] HGN training, whether [the officer's] training was supervised by certified instructors, whether [the officer] was certified to administer the test, and whether [the officer] received periodic retraining to refresh himself on his HGN test administration skills." *Id.* Similarly, here, the State failed to lay a sufficient foundation that Officer Nakamoto was qualified to conduct and grade the HGN evidence. Therefore, the District Court erred in admitting the HGN test results.

(2) Partin contends that the District Court erred in admitting the HGN test results as substantive evidence of impairment. In light of our conclusion above that the HGN results were improperly admitted, we do not reach the question of whether the HGN results were improperly admitted as substantive

evidence.

(3) Because the other evidence of Partin's impairment was not overwhelming, the erroneous admission of the HGN results was not harmless.

Therefore,

IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, filed on May 27, 2015 in the District Court of the Third Circuit is vacated to the extent that it entered judgment on Count 1, and the case is remanded for a new trial on that count.

DATED: Honolulu, Hawaiʻi, April 7, 2017.

On the briefs:

Samson S. Shigetomi,
Deputy Public Defender,
for Defendant-Appellant.

Dale Yamada Ross,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3